**UNITED STATES of America**

v.

**John BROCK, Appellant.**

**No. 83–1533.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 15, 1984.

Decided Nov. 6, 1984.

Dennis M. Hart, Washington, D.C., with whom Kenneth Michael Robinson, Wash-

ington, D.C., was on the brief, for appellant. W. Gary Kohlman, Washington, D.C., entered an appearance for appellant.

Robert E.L. Eaton, Jr., Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before TAMM and EDWARDS, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM.

This is an appeal from a successful action by the United States pursuant to 21 U.S.C. § 881 to forfeit certain assorted gold and silver watches and jewelry that were seized in the District of Columbia pursuant to a "Seizure Warrant" duly issued on a showing of probable cause by the United States Magistrate on May 21, 1981. (App. 20). The jewelry was valued at approximately $120,000. The seizure warrant was issued on the basis of the affidavit of a Special Agent with the Drug Enforcement Administration. This affidavit stated that a large quantity of property including, *inter alia*, several premises, Rolls-Royce and Mercedes-Benz automobiles, and the jewelry, were believed to be proceeds traceable to exchanges of controlled substances prohibited by 21 U.S.C. §§ 841, 846, 952, and 963. (App. 30). The jewelry had been located and seized during the earlier execution of search warrants issued by the District of Columbia Superior Court. (App. 22, ¶ 4). It was found concealed in a bag in the attic of the premises searched. *Id.* Amounts of narcotics, money, a loaded .357 Magnum revolver, and equipment necessary for the sale and distribution of narcotics were found in a different room of the same premises. *Id.*

This is an *in rem* action against the jewelry. The provisions of law relating to seizure and forfeiture for violation of the customs laws govern this action. 21 U.S.C. § 881(d). Initially, the government need only demonstrate probable cause that such property was involved as alleged in violations of the narcotics statutes. 19 U.S.C. § 1615. If the government demonstrates probable cause, the burden is on the claimant of the property to show by a preponderance of the evidence that the property was not involved in violations of the narcotics laws so as to render it forfeit. *Id.*

The bench trial of the forfeiture action proceeded with the entry into evidence of the Agent's affidavit, mentioned above, in lieu of live testimony. (App. 76–77). Counsel for appellant then cross-examined the Agent about the basis for the assertions in the affidavit. (App. 80–90). The affidavit asserted that Brock had been engaged in the sale of narcotics since 1977. It recounted the statement of a reliable informant to the effect that he had never known Brock, the claimant of the jewelry, to have a legitimate occupation or employment and that Brock's only source of income from 1977 to 1981 was from his heroin trafficking activities. (App. 26, ¶ 13). The affidavit also averred to the location of the jewelry when discovered, secreted in the attic of one of the premises that was searched, and detailed the other items found in the same premises, namely the narcotics, money, the revolver, and paraphernalia for distribution of narcotics. There was no direct evidence to connect the jewelry with the claimant's alleged narcotics activities. The court concluded that the requisite probable cause had been shown. (App. 80).

The circumstances were sufficient to warrant a conclusion that there was no other way Brock could have acquired the jewelry than in connection with or by the proceeds of the alleged narcotics violations. (App. 88–89). The district court record reveals that over 100 pieces of jewelry were seized, including earrings, rings, watches, cufflinks, and necklaces. The jewelry was found secreted in the same house as the narcotics and paraphernalia for distribution of narcotics. In addition, a large quantity of cash and a loaded revolver, further suggestive of ongoing narcotics activity, were seized at the house. (App. 22, ¶ 4). These

circumstances fairly lead to an inference that the jewelry was the proceeds of narcotics activity. In *United States v. $83,-320.00*, 682 F.2d 573 (6th Cir.1982), similar evidence was held to support a finding of probable cause. Circumstantial evidence and inferences therefrom are good grounds for a finding of probable cause in a forfeiture proceeding. *United States v. $364,-960.00*, 661 F.2d 319, 324 (5th Cir.1981).

Brock, the claimant, was a fugitive at the time of trial, (App. 92), and failed to come forward to testify or present any controverting evidence. The court accordingly found that Brock had not met his burden of proof as required by 19 U.S.C. § 1615, and ordered the assorted jewelry as identified and described in Count 11 of the government's complaint to be forfeited to the United States. The United States Marshall was also ordered to cause said jewelry to be sold, and after deduction for payment of costs incident to the forfeiture action, to deposit the proceeds thereof in the United States Treasury. Since the claimant failed to present any evidence, probable cause is sufficient to support the government's claim. *See United States v. $22,287.00*, 709 F.2d 442 (6th Cir.1983); *United States v. $83,320.00, supra.*

The conclusion to forfeit the property was justified. The quantity of jewelry seized in the same house as the narcotics, the weapon, the cash, and the paraphernalia are solid links in the chain of probable cause, given the evidence that the claimant had no source of legitimate income for several years preceding the seizure. We accordingly affirm the order of the district court.

*Judgment accordingly.*