UNITED STATES of America, Plaintiff,

v.

**15824 WEST 143RD STREET, LOCKPORT, ILLINOIS,**
Defendant,

**Yohann Thurman; Republic Savings Bank, Claimants.**

**No. 89 C 8896.**

United States District Court,
N.D. Illinois, E.D.

April 27, 1990.

James A. Shapiro, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

James H. Longstreet, DeHaan & Richter P.C., Chicago, Ill., for claimant Republic Sav. Bank.

Edward M. Genson and Marc W. Martin, Genson, Steinback & Gillespie, Chicago, Ill., for claimant Yohann Thurman.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the Court on plaintiff's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, plaintiff's motion is granted.

### Background

On December 5, 1989, the United States filed a complaint seeking forfeiture of the defendant realty pursuant to 18 U.S.C. § 981. The verified complaint alleges that the defendant realty was purchased by claimant Yohann Thurman on October 16, 1987, with more than seventy separate money orders from twenty-two different currency exchanges, in violation of the currency transaction reporting requirements of 31 U.S.C. §§ 5313 and 5324. These money orders were allegedly purchased by agents of the claimant's husband George.

Briefly, these sections require a financial institution, including a currency exchange, to file a report of each deposit, withdrawal, or exchange of currency to which the institution is a party, that involves a transaction in currency of more than $10,000. 31 U.S.C. § 5313(a); Treas.Reg. 31 C.F.R. § 103.22(a)(1) (July 11, 1987). Additionally, multiple currency transactions are to be treated as a single transaction if the financial institution is aware that the multiple transactions will total more than $10,000 in one day. Treas.Reg. § 103.22(a)(1). Section 5324 makes it unlawful for any individual to structure or assist in structuring a transaction with such a financial institution for the purpose of evading the reporting requirements. 31 U.S.C. § 5324.

Section 981 provides the mechanism by which the government can first seize and later bring an action for the forfeiture of property involved in a transaction which violates Section 5313(a) or 5324 of Title 31. The government has previously obtained an order of seizure and now seeks a judgment of forfeiture.

Specifically, the government's complaint alleges that George Thurman, through three of his agents, structured financial transactions to evade the reporting requirements imposed upon domestic financial institutions. Thurman allegedly purchased with cash, a series of more than seventy money orders from twenty-two different currency exchanges from October 5 through 16, 1987. These money orders totalled $585,000.00 and allegedly were used to purchase the defendant realty.

On December 14, 1989, this Court found that there was probable cause to believe that the defendant realty was forfeitable to the United States. The Court issued an order authorizing the United States Marshal to seize the property pursuant to Rule C of the Admiralty Rules. In support of both its action to seize and this forfeiture action, plaintiff submitted a verified complaint and the affidavit of William T. Coughlin, a special agent with the Internal Revenue Service.

In response to the forfeiture action, Yohann Thurman filed an answer and a claim for the defendant property. In her answer, the claimant raises the affirmative defense of innocent ownership set forth in 18 U.S.C. § 891(a)(2). However, in response to the material allegations in plaintiff's complaint, the claimant invokes her fifth amendment privilege against self-incrimination.

The United States seeks judgment on the pleadings with respect to the forfeiture action. The government contends that it has established probable cause and therefore met its burden in this forfeiture action. In support of its contention, the government points to this Court's prior order of seizure which indicates probable cause was established for the purpose of seizing the property. Accordingly, the government asserts that the burden is on the claimant to establish her defense of innocent ownership by a preponderance of the evidence. Because claimant has proffered no affirmative evidence in support of her defense, the government claims it is entitled to a judgment in its favor on the basis of the pleadings. Furthermore, the government argues that because this is a civil action, an adverse inference may be drawn from claimant's decision to invoke her fifth amendment privilege against self-incrimination.

In her response brief, the claimant focuses almost exclusively on the question of whether an adverse inference may be drawn from her choice to invoke the fifth amendment privilege. Not surprisingly, she argues that an adverse inference may not be drawn. On the burden of proof issue, claimant offers little in the way of argument. Claimant simply asserts that the government cannot rely on this Court's prior probable cause determination but must prove probable cause in a trial. Claimant also contends that the government must prove all the elements of the money laundering statute, including wilfulness.

## I. Procedure

Judgment on the pleadings is appropriate when, after the pleadings are closed, the court determines that there is no material issue of fact presented and that one party clearly is entitled to judgment. *National Fidelity Life Ins. Co. v. Karangis*, 811 F.2d 357 (7th Cir.1987). For purposes of determining whether a material issue of fact exists, uncontested allegations to which a party had an opportunity to respond are taken as true. *Flora v. Home Federal Sav. and Loan Ass'n*, 685 F.2d

209 (7th Cir.1982). In this case, the critical question is whether claimant's invocation of her fifth amendment privilege against self-incrimination creates a material issue with respect to those facts for which it is invoked. As discussed below, we find that the claimant has had an opportunity to respond and has failed adequately to do so. Invoking her fifth amendment privilege does not allow her to avoid her burden on this motion.

## II. *Discussion*

■ The civil forfeiture statute, upon which the government bases its claim, incorporates by reference all the provisions of like forfeiture statutes in customs proceedings. 18 U.S.C. § 981(d). One of the customs statutes is 19 U.S.C. § 1615, which controls the burden of proof in a forfeiture action. Section 1615 places the burden of proof on the claimant once the government has met its initial burden of establishing probable cause for the institution of forfeiture proceedings. 19 U.S.C. § 1615. Thus, in this case, if the Court's prior finding of probable cause for purposes of seizure suffices for purposes of forfeiture, the burden is on the claimant to establish her defense by a preponderance of the evidence. If, however, the prior probable cause finding does not apply here, we must make this determination de novo, or, as the claimant contends, deny the government's motion and conduct a trial on the probable cause issue.

The government's basis for seeking forfeiture is that the defendant property was purchased with money orders obtained from a financial institution in an effort to evade federal reporting requirements. Thus, the government is required to establish probable cause for its belief that the property was purchased in this manner. As defined in similar forfeiture cases, probable cause means "a reasonable ground for a belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. One 1985 Plymouth Colt Vista*, 644 F.Supp. 1546, 1548 (N.D.Ill.1986) (quoting *United States v. One 1979 Porsche Coupe*, 709 F.2d 1424, 1426 (11th Cir.1983)). In requesting the

order of seizure as well as judgment on the pleadings, the government relies on its verified complaint and the affidavit of IRS Agent William Coughlin to establish probable cause.

The affidavit indicates that agent Coughlin was involved in an investigation of George Thurman and had been in contact with the builder from whom the defendant realty was purchased. Based on photographs, the builder identified Thurman as the man to whom he initially showed the house. According to the builder, Thurman returned several weeks later with a woman who was introduced to the builder as Yohann Thurman. This woman appeared at the October 16, 1987, house closing and paid for the house with seventy-six separate money orders, each in an amount under $10,000.

The affiant personally examined the record of the transaction and has photocopies of the seventy-six money orders. Based on this knowledge, he recites that the money orders were dated from October 5 through October 16, 1987, and were purchased from 22 different currency exchanges. The substantial majority of the money orders were purchased in amounts of exactly $9,000, although several were in amounts of $4,000 or $5,000. Many of the money orders bore sequential numbers, indicating the proximity of their purchase in terms of time. Some of the money orders show sequential numbers but the dates apparently had been falsified to give the impression that they were not purchased in sequence. Additionally, the affiant notes that there is no record of Thurman having ever filed a tax return and that based on the affiant's experience, this money laundering transaction is typical of those in the business of selling controlled substances.

This Court previously found that this proffer of evidence was sufficient to establish probable cause. *United States v. 15824 West 143rd St.*, 89 C 8896 (N.D.Ill. Dec. 14, 1989). Thus, while we need not address this question a second time, *see United States v. $53,661.50 in U.S. Currency*, 613 F.Supp. 180 (S.D.Fla.1985) (once court determines that plaintiff has probable cause to seize defendant property, burden shifts and forfeiture is proper unless party proves defense by preponderance of evidence); *May v. United States*, 519 F.Supp. 649 (S.D. Ohio 1981) (probable cause necessary to validate search and seizure is sufficient probable cause to legitimize filing of forfeiture action); *United States v. One 1976 Lincoln Mark IV*, (W.D.Penn.1979) (once government establishes probable cause, seizure is proper and forfeiture established, burden then shifts to owner to prove forfeiture was not within forfeiture statutes), we briefly will delineate the manner in which this affidavit establishes probable cause.

The plaintiff's affidavit establishes a reasonable basis for the belief that the money orders used in purchasing the defendant realty were obtained in violation of 31 U.S.C. § 5324. Initially, the affiant indicates that he spoke with the builder who identified the Thurmans as the purchasers of the house. Specifically, the builder indicated to the affiant that Yohann Thurman was present at the closing and paid for the house with over seventy money orders. Although this portion of the affidavit is based on hearsay, this does not defeat a finding of probable cause. *See United States v. A Single Family Residence*, 803 F.2d 625 (11th Cir.1986) (hearsay testimony may be used to establish probable cause for forfeiture action). Indeed, the affidavit need not be admissible evidence. *United States v. One 56–Foot Motor Yacht Named the Tahuna*, 702 F.2d 1276 (9th Cir.1983).

Nonetheless, the affiant, an experienced IRS agent, set forth the majority of the critical facts from personal knowledge. The affiant reviewed the bank records of the transaction and found that over seventy money orders, purchased from twenty-two different currency exchanges in an eleven day period were used to pay for the property. The affiant testified that almost every money order was for the exact amount of $9,000, with a few in the amount of $4,000 or $5,000. Many of the orders bore sequential numbers indicating the proximity of their purchase in terms of time. Some of the dates on the money orders were apparently falsified.

It is well-settled that circumstantial evidence and inferences drawn therefrom are good grounds for a finding of probable cause in a forfeiture proceeding. *United States v. Brock*, 747 F.2d 761 (D.C.Cir. 1984). Given the use to which the money orders were put, the uniform amounts in which the money orders were drawn, the fact that the amounts for the most part were just under the reporting limit, the proximity of purchase in terms of time, the number of different currency exchanges used and the attempt to falsify the dates of purchase, it is reasonable to infer that this was a single transaction structured to evade federal reporting requirements. Indeed, it is inconceivable that anyone would inadvertently go to an average of two different currency exchanges and purchase approximately seven separate money orders a day, for eleven days in a row. Probable cause to believe the transaction was structured to evade reporting requirements has been established.

■ Once probable cause has been established, the burden shifts to the claimant to make out her defense by a preponderance of the evidence. *United States v. Fleming*, 677 F.2d 602, 609 (7th Cir.1982). Here, the claimant has failed to present any evidence which supports her defense or rebuts the plaintiff's affidavit. The claimant merely invokes her fifth amendment privilege and argues that forcing her to meet her burden given her reliance on the privilege or drawing any adverse inference therefrom would be error. We disagree.

While it is true that the claimant is entitled to invoke the fifth amendment, this does not relieve her of satisfying her burden on this motion. *See United States v. One 1985 Plymouth Colt Vista*, 644 F.Supp. 1546, 1550–53 (N.D.Ill.1986) (fifth amendment privilege against self-incrimination is not a substitute for evidence in forfeiture case); *see also United States v. Rylander*, 460 U.S. 752, 759, 103 S.Ct. 1548, 1553, 75 L.Ed.2d 521 (1983) (fifth amendment cannot be converted from a shield against self-incrimination to a sword freeing claimant from his burden of proof). The claimant must either establish herself as an innocent purchaser or rebut the plaintiff's showing of probable cause. If doing so would incriminate her in some way, claimant must make a choice. Referred to as the "Fifth Amendment Dilemma," the choice faced by a forfeiture claimant is "no different from that faced by every criminal defendant forced to choose between complete silence and presenting a defense. By choosing silence the defendant incurs the risk the government, if it satisfies its burden of proof, will prevail." *One 1985 Plymouth Colt Vista*, 644 F.Supp. at 1522 (citing *United States v. Rylander*, 460 U.S. 752, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983)). The Fifth Amendment privilege against compulsory self-incrimination was never intended to be used as a "sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." *Rylander*, 460 U.S. at 758, 103 S.Ct. at 1553.

Here, the claimant has made no attempt to rebut the plaintiff's showing of probable cause. She has presented neither arguments nor evidence to meet plaintiff's supported allegations. Accordingly, because the claimant is not entitled to hide behind the Fifth Amendment privilege and has failed to rebut the plaintiff's showing of probable cause, the plaintiff is entitled to forfeiture. *See United States v. Little Al*, 712 F.2d 133 (5th Cir.1983) (unrebutted showing of probable cause will support forfeiture).

■ Finally, we address the claimant's assertion that she is entitled to a trial on the question of probable cause. The claimant refers us to two sources in support of this proposition. First, the claimant cites the treatise Smith, *The Prosecution and Defense of Forfeiture Cases*, ¶ 11.03[6], for the proposition that the government must prove probable cause at trial. In context, however, the treatise states:

[T]he government has never been required to show that the facts known to it at the time the complaint for forfeiture was filed were sufficient to establish probable cause. Rather, probable cause is tested as of the time of trial. Thus,

even though the government did not have probable cause at the time the action was filed it may prevail if, through further investigation and/or civil discovery, it obtains sufficient evidence to be able to show probable cause for forfeiture by the time of trial.

Smith, *The Prosecution and Defense of Forfeiture Cases,* ¶ 11.03[6]. The treatise merely concerns when (at the latest) the United States must come forward with proof of probable cause, or at what time in the proceedings the United States must have probable cause. It does not say that the United States can only prove probable cause at trial. If that were true, the United States could never prevail in a forfeiture case on a motion for summary judgment as in *One 1985 Plymouth Colt Vista* or on any other pretrial motion. Such a result would thwart efficient judicial administration.

Similarly, the claimant's reliance on *United States v. One 1978 Mercedes Benz,* 711 F.2d 1297 (5th Cir.1983), is misplaced. In that case, the government's initial seizure was challenged as improper. The court held that "even if the initial seizure were illegal, it would not bar the government's right to claim the vehicle through forfeiture proceedings." *One 1978 Mercedes Benz,* 711 F.2d at 1302–03. The court concluded that improper seizure does not undermine the government's right to forfeiture if the government can provide untainted evidence sufficient to support a probable cause finding. *Id.* at 1303.

Essentially, the government has two opportunities to establish probable cause. First, the government may demonstrate probable cause for purposes of seizure and if that determination proves improper, the government may submit new evidence pursuant to the forfeiture proceeding. Thus, *One 1978 Mercedes Benz* does not support claimant's assertion that she is entitled to a trial but instead, points out that the government is entitled to a second opportunity to establish probable cause if its initial showing proves improper.

Conclusion

The government has made a sufficient showing to establish probable cause to believe claimant purchased the defendant property with money orders obtained in violation of 31 U.S.C. §§ 5313 and 5324. The claimant has submitted no evidence to support her defense of innocent ownership or to rebut the government's proffer, but instead attempts to use her Fifth Amendment privilege as a sword to defeat the government's case. This is insufficient and, consequently, the government is entitled to judgment in its favor. We hereby order forfeiture.