**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL OF REAL ESTATE LOCATED AT 343 EAST 12TH AVENUE, MILAN, ILLINOIS, with all Appurtenances and Improvements Thereon, Defendant.**

No. 89–4098.

United States District Court,
C.D. Illinois,
Peoria Division.

Feb. 5, 1991.

Esteban F. Sanchez, Asst. U.S. Atty., Springfield, Ill., for U.S.

Laura Wardinski, Oakbrook Terrace, Ill., for Investors Residential Mortg. and Field Mortg.

Walter D. Braud, Rock Island, Ill., for Property and Randall and Cathy Sorrells.

## ORDER

MIHM, District Judge.

Before the Court is a Motion by the United States of America for summary judgment (# 47) against claimants Randall Sorrells and Cathy Sorrells. The Court denies this Motion.

## BACKGROUND

The United States of America seeks judicial forfeiture of the above-described real estate owned by Randall and Cathy Sorrells which is subject to a note and mortgage to Investors Residential Mortgage Corporation. It is the government's contention that the Defendant property was used by Randall Sorrells to store and distribute marijuana. The government seeks forfeiture of the real estate pursuant to the civil forfeiture provisions of 21 U.S.C. § 881(a)(7).

On September 13, 1989, the United States Magistrate was presented with an application for a seizure warrant which was supported by the accompanying affidavit of Special Agent Doreen Moore, who appeared before the Magistrate. After reviewing the documents submitted by the government, the Magistrate concluded that probable caused existed for the issuance of a seizure warrant. The seizure warrant was issued pursuant to the authority provided in 21 U.S.C. § 881(b).

The United States Marshal Service executed the seizure warrant on September 21, 1989, and took control over the property.

The claimants deny that the government had probable cause to believe that the property was subject to forfeiture due to the real estate being used to facilitate the commission of a violation of 21 U.S.C. § 801. The claimants also deny that the property was purchased with proceeds traceable to the exchange of controlled substances.

In addition, claimant Cathy Sorrells asserts that she is an innocent owner.

## DISCUSSION

■ The initial question in this case is whether or not a district court must review the Magistrate's finding of probable cause *de novo,* or review the Magistrate's finding on the existence of probable cause in the same way that review would occur in the case of a search warrant, i.e., the abuse of discretion standard. By virtue of 21 U.S.C. § 881(d), the burden of proof in these cases is controlled by 19 U.S.C. § 1615. *United States v. All That Tract (Riverdale),* 696 F.Supp. 631, 634 (N.D.Ga.1988). Under § 1615, the government must first demonstrate probable cause. Once the government has shown probable cause the burden of proof shifts to the claimant. After the burden has shifted to the claimant:

> A claimant may defend against a forfeiture either by refuting the government's showing of probable cause, or by coming forward with affirmative evidence tending to prove that the property was not derived from drug proceeds or used in furtherance of drug activities. (Citations omitted).

*Id.*

Based upon the relevant statutes and case law, this Court finds that there is no basis for claimant's asserted requirement that the Court must consider the issues of probable cause *de novo.*

Further, contrary to claimant's assertion, the court in *United States v. 13,000 in U.S. Currency,* 733 F.2d 581 (8th Cir.1984), did not indicate that it considered evidence submitted by the claimants in determining whether or not the government had met its initial burden of showing that probable cause existed.

As the government notes, it is authorized to request a seizure warrant for the seizure of property subject to forfeiture in the same manner as it may request a search warrant under the Federal Rules of Criminal Procedure *(see,* 21 U.S.C. § 881(b)), which is not subject to *de novo* review. In criminal cases the magistrate's determination of probable cause is treated with deference and is only reviewed for clear error. *United States v. McQuisten,* 795 F.2d 858, 861 (9th Cir.1986); *United States v. Her-*

*nandez-Escarsega,* 886 F.2d 1560, 1563 (9th Cir.1989). In criminal cases a finding that, under the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed is sufficient to uphold the warrant. *Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960); *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983); *United States v. McNeese,* 901 F.2d 585, 592–593 (7th Cir.1990).

This Court can see no reason to apply a different standard for review of a magistrate's finding of probable cause in a civil forfeiture case, as opposed to a criminal case. Thus, this Court believes that if the magistrate had a substantial basis for concluding that probable cause existed, this Court must uphold the warrant and find that the government has carried its initial burden of showing probable cause. The cases cited by the claimants are not to the contrary. The court in *United States v. $13,000 in U.S. Currency* stated:

> Our review of the record leads us to conclude that the magistrate's probable cause determination was not clearly erroneous. . . .

*United States v. $13,000 in U.S. Currency,* 733 F.2d at 585.

■ The case of *United States v. 15824 West 143rd Street, Lockport, Illinois,* 736 F.Supp. 882 (N.D.Ill.1990) also supports this Court's conclusion. In that case, the claimant argued that the government should be required to establish probable cause during the forfeiture trial and that the government could not rely on the previous finding of probable cause. *Id.* at 886–887. The court ruled that, where the affidavit in support of a seizure warrant establishes probable cause, that finding is sufficient to shift the burden of proof to the claimant without the need for the United States to make a *de novo* showing of probable cause during the forfeiture trial. *Id.* at 887. More specifically, the court stated:

> Essentially, the government has two opportunities to establish probable cause. First, the government may demonstrate probable cause for purposes of seizure

and if that determination proves improper, the government may submit new evidence pursuant to the forfeiture proceeding.

*Id.* at 887. In other words, if the government establishes probable cause through the seizure warrant, the burden shifts to the claimant to defend the property. If the government has failed to establish probable cause as part of the seizure process, then it would be required to establish probable cause at the trial.

After examining the affidavit of Doreen Moore, this Court believes that the government has made a sufficient initial showing that there was probable cause for the issuance of the forfeiture warrant in this case.

■ Next, the government asserts that it is entitled to summary judgment because the claimants Randall Sorrells and Cathy Sorrells have failed to produce enough evidence to create a dispute of material fact as to whether the property was purchased with drug proceeds or used to facilitate the commission of a prohibited act. Thus, the government asserts that the claimants have not met their burden.

The claimants in this case need to show that there is a genuine issue of material fact to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute of material fact exists if the evidence is such that a reasonable trier of fact could return a verdict for the non-moving party. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510.

After examining the depositions and the exhibits submitted by the parties, the Court concludes that the claimants have established that disputed issues of material fact do exist in this case. Therefore, the government's Motion for Summary Judgment is DENIED.