UNITED STATES of America, Plaintiff,

v.

PROPERTY IDENTIFIED AS 908 T STREET, N.W., WASHINGTON, D.C., Real Property Containing a Three Story Brick Building with Basement, Further Described as Square 362, Lot 232, Defendant.

Civ. A. No. 88–2448 (JHG).

United States District Court, District of Columbia.

March 12, 1991.

William J. O'Malley, Asst. U.S. Atty., Washington, D.C., for plaintiff.

Mercer Anderson, Washington, D.C., for claimant William Akers.

Mark H. Friedman, Friedman & MacFadyen, Baltimore, Md., for intervenor Nat. City Mortg. Co.

## ORDER

JOYCE HENS GREEN, District Judge.

On August 30, 1988, the government initiated a civil forfeiture action under the Controlled Substances Act, 21 U.S.C. § 881, alleging that defendant property was used to distribute and facilitate the distribution of heroin and cocaine. Presently pending is plaintiff's motion for summary judgment.[1] For the following reasons, plaintiff's motion is denied.

## I. BACKGROUND

On three separate occasions, members of the Metropolitan Police Department for the District of Columbia ("MPD") executed search warrants and recovered various narcotic substances from defendant property.[2] Claimant, William Akers, owner of defendant property, was charged with violating the Controlled Substances Act on two of these occasions, but in both instances, he was acquitted. Nevertheless, the government contends that "at least as of February 20, 1986," title in the defendant property vested in the United States. Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), at 10.

## II. DISCUSSION

Summary judgment is appropriate when there is "no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2513. At the same time, however, Rule 56 places a burden on the non-moving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The governing statute provides for the forfeiture of "all real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner." 21 U.S.C. § 881. Unlike other civil proceedings, in which it is the moving party's burden to prove its case by a preponderance of the evidence, forfeitures under § 881 are governed by the procedural standards regarding forfeitures under the federal customs laws, 21 U.S.C. § 881(d), which require the government only to show probable cause for initiating the lawsuit, and then the burden shifts to the claimant to show by a

---

**1.** On October 26, 1990, the Court granted National City Mortgage Company's motion to intervene. The intervenor has also opposed plaintiff's motion for summary judgment.

**2.** On April 27, 1984; February 20, 1986; and August 12, 1988 members of the MPD executed search warrants for defendant property.

preponderance of the evidence that the property is not subject to forfeiture. *United States v. Brock*, 747 F.2d 761, 762 (D.C. Cir.1984) (per curiam).

It is clear that plaintiff had probable cause to believe that the defendant property was used to commit or facilitate the commission of a felony in violation of Title 21 of the United States Code.[3] On February 20, 1986, members of the MPD executed a search warrant on the premises of defendant property and recovered, *inter alia*, bags of cocaine, 43 plastic bags of heroin, one tinfoil package of heroin, 19 tablets of Preludin, and one white plastic bag containing cannabis. Similarly, on August 12, 1988, pursuant to a search warrant, the MPD recovered one clear plastic bag containing 145 rolled packets of heroin, two packets of "crack" cocaine, one clear plastic bag containing approximately 13 grams of heroin, 61 tablets of marked Darvocet, 54 tablets marked Valium, and a 12 gauge shotgun with ammunition.

█ In view of the government's probable cause showing, the only issue remaining is whether the claimant has proved that the illegal use was without his knowledge or consent, thus bringing him within the statutorily created exemption for "innocent" ownership. Claimant asserts in an affidavit that he "was not involved in and had no knowledge that the real property was used for the distribution of drugs." Affidavit of William Akers, attached as Exhibit to Opposition to Motion for Summary Judgment, ¶ 10 ("Akers Aff.").

Claimant's assertion is, however, inconsistent with the established facts. First, the claimant was present at the execution of the search warrants and, indeed, was arrested after the 1986 search. In fact, when the 1988 search was conducted, claimant was standing within 10 feet of the 145 packets of heroin "that was [sic] packaged for street sale." Affidavit of Guy L. Poirier, Investigator, Financial Investigation Unit, Metropolitan Police Department, at 3. Moreover, claimant concedes in his

affidavit that he has repeatedly warned his addicted family members "to stop their drug related activities and to seek treatment." Akers Aff., ¶ 5. It is clear from the circumstances of the searches and claimant's own affidavit that he knew his family was using defendant property for drug related activities.

The more difficult question is whether, despite claimant's knowledge, he consented to the use of his property for illegal purposes. The government contends that the circumstances of the case also "warrant the conclusion that claimant at a minimum acquiesced in the use of defendant premises to facilitate drug violations." Plaintiff's Reply to Claimant's Opposition to Plaintiff's Motion for Summary Judgment ("Plaintiff's Reply"), at 8. Claimant asserts, however, that he has "threatened to put [his family] out and evicted one of [his] sons whose disease had progressed to the chronic stage;" encouraged his family to seek drug addiction treatment; "told them to stay away from some of their addicted friends, and not to bring them in [his] house;" and has "attempted to watch and monitor activities in the house." Akers Aff., ¶¶ 5, 7–8.

Claimant has met his burden, albeit minimally, and succeeded in raising a genuine dispute as to whether he consented to the use of defendant property for the facilitation of drug offenses. Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is denied; it is

IT IS SO ORDERED.

---

**3.** The forfeiture statute did not become effective until October 12, 1984. Consequently, it is unnecessary to consider the 1984 warrant in determining whether there was probable cause to bring this action.