UNITED STATES of America, Plaintiff,

v.

CERTAIN REAL PROPERTY COMMONLY KNOWN AS 2828 NORTH 54TH STREET, MILWAUKEE, WISCONSIN, Defendant.

No. 92–C–1290.

United States District Court, E.D. Wisconsin.

Aug. 12, 1993.

Nathan A. Fishbach, U.S. Atty. by Penelope C. Fleming, Asst. U.S. Atty., Milwaukee, WI, for plaintiff.

Law Offices of William A. Pangman & Associates by Richard L. Kaiser, Waukesha, WI, for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The United States commenced this action on December 1, 1992, by filing a "Verified Complaint for Civil Forfeiture In Rem" for the defendant real property located at 2828 North 54th Street, Milwaukee, Wisconsin. The government's action is brought pursuant to 21 U.S.C. § 881(a)(7) which provides for civil forfeitures of real property "used, or intended to be used, in any manner or part, to commit or to facilitate the commission of" a drug offense. *United States v. Real Estate Known as 916 Douglas Avenue,* 903 F.2d 490, 492–93 (7th Cir.1990), *cert. denied sub nom. Born v. United States,* 498 U.S. 1126, 111 S.Ct. 1090, 112 L.Ed.2d 1194 (1991).

On December 31, 1992, David Butler and his father Richard Butler each filed documents entitled "Claim for Return and Restitution of Property." Subsequently both of them filed answers and counterclaims. Presently before the court is the government's motion for summary judgment requesting that all right, title, and interest of claimant *David Butler,* in and to the defendant real property, be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7). The motion will be granted.

■ A motion for summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. Pursuant to Rule 56(c), only a "genuine issue" of "material fact" will defeat an otherwise proper motion for summary judgment. Material facts are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute over such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. *Id.* In determining whether the movant has satisfied his burden of persuasion on a summary judgment motion, the evidence is evaluated in the light most favorable to the non-movant such that all justifiable or reasonable inferences are drawn in the nonmovant's favor. *Id.* at 255, 106 S.Ct. at 2513–14.

■ The government filed its motion for summary judgment on July 1, 1993, along with a brief, an affidavit of detective Timothy Kriz, and proposed findings of fact. On July 15, 1993, counsel for claimant David Butler notified the court that David Butler would "not be challenging the government's motion for summary judgment, and therefore will not be filing a response thereto." Consequently, the court is required to accept the government's proposed findings of fact as true because they are uncontested. *See* Local Rule 6.05(d).

The court adopts the government's "Proposed Findings of Fact" filed with its summary judgment motion on July 1, 1993, as its statement of the undisputed facts. Because there are no genuine issues of material fact, the government must next demonstrate that it is entitled to summary judgment as a matter of law with respect to its request that all right, title, and interest of claimant David Butler in and to the defendant real property be forfeited to the United States.

Pursuant to statute, "[a]ll real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvement, which is used, or intended to be used, in any manner or part, to commit or to facilitate the commission of, a violation of this subchapter [21 U.S.C. § 801 *et seq.*] punishable by more than one year's imprisonment," is subject to forfeiture to the United States. 21 U.S.C. § 881(a)(7).

Civil forfeiture proceedings under 21 U.S.C. § 881 are governed by the "law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws." 21 U.S.C. § 881(d). Under that law, "the burden of proof shall lie upon [the] claimant ... Provided, That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court...." 19 U.S.C. § 1615. In other words, the government must make "a showing of probable cause that the property is subject to forfei-

ture within the statutory language" of 21 U.S.C. § 881(a)(7). *United States v. Certain Real Property*, 747 F.Supp. 505, 510–11 (E.D.Wis.1990), *aff'd*, 943 F.2d 721 (7th Cir. 1991).

■ The probable cause threshold in a drug forfeiture case requires only "a reasonable ground for belief of guilt, supported by less than prima facie proof but more than a mere suspicion." *Certain Real Property*, 943 F.2d at 725. Once the government has "met its burden of proving that probable cause exists, the owner of the property bears the burden of refuting forfeitability by a preponderance of the evidence." *Id.* (citing *United States v. Brock*, 747 F.2d 761, 762 (D.C.Cir. 1984)). Summary judgment "ordering forfeiture is appropriate when the government establishes probable cause and the claimant fails to show that facts constituting probable cause did not exist." *United States v. On Leong Chinese Merchants Ass'n Bldg.*, 918 F.2d 1289, 1292 (7th Cir.1990), *cert. denied*, ——— U.S. ———, 112 S.Ct. 52, 116 L.Ed.2d 29 (1991).

■ Evidence supporting probable cause for a forfeiture may be "adduced at a state, rather than a federal, criminal proceeding." *United States v. All Right, Title & Interest*, 901 F.2d 288, 292 (2d Cir.1990). Most importantly, a "civil forfeiture under 21 U.S.C. § 881 need not be predicated on a federal criminal proceeding." *Id.* See also *Certain Real Property*, 943 F.2d at 725 ("We will affirm a district court's forfeiture order if the defendant real estate was 'used in any manner or part to commit or facilitate the commission of a drug related offense.'"); *United States v. One Parcel of Property*, 786 F.Supp. 1497, 1511 (N.D.Iowa 1991) ("The plain language of the statute [21 U.S.C. § 881(a)(7) ] does not require the property owner to be either charged or convicted under Title 21."). *But cf. Certain Real Property*, 747 F.Supp. at 511.

■ The government has established probable cause for its forfeiture action as to claimant David Butler. The undisputed facts as recited in the government's "Proposed Findings of Fact" and in the affidavit of detective Timothy Kriz reveal that David Butler admitted to growing marijuana within the defendant property and that he pleaded guilty and was convicted in Milwaukee county state court for the manufacture of a controlled substance. Claimant David Butler has not attempted to meet his burden of refuting forfeitability by a preponderance of the evidence since he chose not to contest the government's summary judgment motion.

■ I also find that the forfeiture of David Butler's right, title and interest in the defendant real property does not constitute an excessive fine in violation of the Eighth Amendment because he had established a substantial drug manufacturing operation at that property. *See Austin v. United States*, ——— U.S. ———, ———, 113 S.Ct. 2801, 2802, 125 L.Ed.2d 488 (1993) ("Prudence dictates that we allow the lower courts to consider" whether "a forfeiture is constitutionally 'excessive'"). I conclude the government is entitled to summary judgment as a matter of law to the extent that all right, title and interest of David Butler in and to the defendant real property is forfeited to the United States.

This decision and order does not purport to resolve Richard Butler's claim of an interest in the defendant real property.

### ORDER

Therefore, IT IS ORDERED that the government's motion for summary judgment against claimant David Butler be and hereby is granted.

IT IS ALSO ORDERED that all right, title and interest of David Butler in and to the defendant real property be and hereby is forfeited to the United States.