**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY KNOWN AND NUMBERED AS 429 SOUTH MAIN STREET, NEW LEXINGTON, OHIO etc., Defendant.**

No. C2–92–1165.

United States District Court,
S.D. Ohio, E.D.

Dec. 13, 1993.

Edmund A. Sargus, Jr., U.S. Atty. and Kevin R. Conners, Asst. U.S. Atty., Columbus, OH, for plaintiff.

Mell G. Underwood, Jr., New Lexington, OH, for defendant.

## OPINION AND ORDER

GRAHAM, District Judge.

This is a civil forfeiture action filed by the United States pursuant to 21 U.S.C. § 881. The government alleges in the complaint filed on December 23, 1992 that the defendant real property known as 429 South Main Street, New Lexington, Ohio 43764, was used to commit or to facilitate the commission of a violation of Subchapter 1 of Chapter 13 of Title 21 of the United States Code. On April 27, William G. Swallow (hereinafter "claimant"), the record owner of the property, filed a claim to the property. On May 19, 1993, claimant filed an answer to the forfeiture complaint.

■ This matter is currently before the court on the government's motion for summary judgment. The procedure for granting summary judgment is found in Fed.R.Civ.P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby, Celotex* and *Matsushita* effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir.1989). In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby*, 477 U.S. at 257, 106 S.Ct. at 2514). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely " 'show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1355).

In seeking forfeiture of the defendant property, the government relies on 21 U.S.C. § 881(a)(7), which provides for forfeiture of:

> All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest if an

owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

 The procedures for forfeiture under the customs laws apply to forfeitures under 21 U.S.C. § 881. 21 U.S.C. § 881(d). The burden of proof in forfeiture cases is found in 19 U.S.C. § 1615. The burden is initially on the government to show probable cause to believe that the criminal activity occurred, as well as probable cause to believe that there is a nexus between the property and the criminal activity. *United States v. $22,287, United States Currency,* 709 F.2d 442 (6th Cir. 1983). Probable cause is defined as a reasonable ground for belief of guilt supported by less than prima facie proof but more than mere suspicion. *Id.* at 446–447. Probable cause is a question of law for the court. *United States v. One 1975 Mercedes 280S,* 590 F.2d 196 (6th Cir.1978).

 Once probable cause is shown, the burden then shifts to the claimant to prove by a preponderance of the evidence that the property is not subject to forfeiture. *United States v. One 1966 Beechcraft Baron,* 788 F.2d 384 (6th Cir.1986); *United States v. $83,320 in United States Currency,* 682 F.2d 573 (6th Cir.1982). Where the government has demonstrated probable cause in an action under § 881(a)(7), the burden shifts to the claimant to prove by a preponderance of the evidence that the property was not used to commit or facilitate the commission of an offense under Title 21. *United States v. $50,000 U.S. Currency,* 757 F.2d 103 (6th Cir.1985); *United States v. $5,644,540.00 in U.S. Currency,* 799 F.2d 1357 (9th Cir.1986). Summary judgment may be appropriate where a claimant fails to show that the facts constituting probable cause did not actually exist. *One 1975 Mercedes 280S,* 590 F.2d at 199.

 In the instant case, the complaint includes the affidavit of FBI Agent Dwight Vogel. Agent Vogel relates in his affidavit that in August of 1991, officers of the New Lexington, Ohio Police Department learned from a confidential informant that marijuana could be purchased from claimant. Agent Vogel further states that on August 9, 1991, the informant made a controlled purchase of twenty dollars worth of marijuana from claimant in the alley behind claimant's residence at 429 South Main Street, New Lexington, Ohio. On August 19, 1991, the informant entered claimant's residence at 429 South Main Street and purchased thirty-five dollars worth of marijuana from claimant. On August 20, 1991, the confidential informant entered the residence and purchased forty dollars worth of marijuana from claimant. Agent Vogel further states in his affidavit that on March 6, 1992, claimant pleaded no contest to three counts of drug trafficking. This statement is corroborated by a judgment entry of the Perry County, Ohio Court of Common Pleas, attached as an exhibit to the government's motion for summary judgment. This entry reveals that claimant was sentenced for three counts of trafficking in marijuana under Ohio Revised Code § 2925.-03(A)(1) to a term of one year on each count, to be served concurrently, and was ordered to pay a fine of $2,000 on each count. Agent Vogel also stated in his affidavit that claimant has a 1987 conviction for permitting drug abuse, drug abuse and aggravated trafficking.

The court concludes that this information is sufficient to establish probable cause to believe that the defendant property was used or intended to be used to commit or to facilitate the commission of a violation of Subchapter 1 of Chapter 13 of Title 21. Claimant argues that since he was only sentenced under state law to a term of one year, his criminal conduct cannot serve as a basis for forfeiture. However, the record reveals that claimant was convicted of three third-degree felonies which carried a potential penalty of up to two years under Ohio Revised Code § 2929.11(D)(1). Further, the conduct at issue here, the sale of marijuana, constitutes an offense under 21 U.S.C. § 841(a), and in light of claimant's prior drug-related conviction, the potential maximum penalty for these offenses under 21 U.S.C. § 841(b)(1)(D) would be a term of imprisonment of up to ten years.

 Claimant also contests the reliability of Agent Vogel's affidavit, and contends

that there is "no concrete evidence" that the real property was held to commit or facilitate a drug offense. However, the standard for probable cause in forfeiture actions is the same standard as for search warrants. *United States v. One 1984 Cadillac*, 888 F.2d 1133 (6th Cir.1989). Hearsay statements in an affidavit may properly be considered. *United States v. 526 Liscum Drive*, 866 F.2d 213 (6th Cir.1989). *See generally, Franks v. Delaware*, 438 U.S. 154, 165, 98 S.Ct. 2674, 2681, 57 L.Ed.2d 667 (1978) (probable cause may be founded upon hearsay and information obtained from informants presented in search warrant affidavits). The court concludes that the evidence in the record, including affidavit of Agent Vogel, is sufficient to warrant a reasonable ground for belief of guilt which was based upon more than mere suspicion. *$22,287, U.S. Currency*, 709 F.2d at 446–447. Claimant has produced no evidence to establish that the offenses were never committed at his residence or to refute any of the information in the affidavit, and has not demonstrated a genuine issue of material fact as to the existence of probable cause. The government has established probable cause that the defendant property was used to commit or facilitate the commission of an offense under Subchapter 1.

■ The government is entitled to a judgment of forfeiture upon an unrebutted showing of probable cause. *United States v. Certain Real Property, 566 Hendrickson Blvd., etc.*, 986 F.2d 990 (6th Cir.1993). A claimant bears the burden by a preponderance of the evidence to prove a defense to forfeiture. *United States v. Lots 12, 13 14 and 15, Keeton Hts. Subdivision*, 869 F.2d 942 (6th Cir.1989).

■ Claimant cites the recent Supreme Court case of *Austin v. United States*, —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), where the Court held that the Eighth Amendment prohibition against excessive fines applies to civil forfeiture actions. Claimant suggests that a trial is required to fix the value of the property and to conduct an analysis under *Austin* and the Excessive Fines Clause. However, claimant at this point has made no representations concerning the value of the property, nor has he alleged that the forfeiture in this case would violate the Excessive Fines Clause. Claimant "has not produced any evidence to support a defense that the forfeiture [would be] improper." *Certain Real Property, 566 Hendrickson Blvd.*, 986 F.2d at 995. Summary judgment is appropriate where the claimant has not provided evidence of the nature of the crime committed or the nature and value of the real property which is essential to a proportionality review. *United States v. All Assets and Equipment of West Side Bldg. Corp.*, 89C 1736, 1993 WL 496686, 1993 U.S.Dist. LEXIS 16757 (N.D.Ill.1993).

■ The information currently in the record does not establish that the forfeiture of the defendant property would violate the Excessive Fines Clause. The Excessive Fines Clause limits the government's power to extract payments as punishment for an offense. *Austin*, —— U.S. at ——, 113 S.Ct. at 2805. As noted by the Sixth Circuit in *Certain Real Property, 566 Hendrickson Blvd.*, 986 F.2d at 998, forfeitures under § 881 incorporate remedial, non-punitive purposes which are "extremely strong," such as stripping the drug trade of its instrumentalities and financing government programs designed to eliminate drug-trafficking.

■ Insofar as a forfeiture under § 881(a)(7) represents a punishment, it is appropriate to compare the value of the property against the nature of the offense or the amount needed to effectuate the legitimate remedial purposes of the forfeiture. *See United States v. Borromeo*, 1 F.3d 219 (4th Cir.1993); *All Assets and Equipment of West Side Bldg. Corp.*, 1993 WL 496686, 1993 U.S.Dist. LEXIS at 16757* 18. Other courts have suggested that it is also appropriate to look to the nature of the relationship between the crime and the property in question. *See Austin*, —— U.S. at ——, 113 S.Ct. at 2815 (Scalia, J., concurring); *United States v. Certain Real Property, 2828 North 54th St., Milwaukee, Wisconsin*, 829 F.Supp. 1071 (E.D.Wis.1993).

■ The government alleged in the complaint that the value of the defendant real property is approximately $83,700.00. Claimant has produced no evidence to refute

this figure. The record reveals that claimant sold marijuana to an informant on three occasions. There is no evidence that claimant was ever prosecuted in federal court for these offenses. If he had been, he would have faced a potential term of imprisonment of up to ten years and a potential fine of $500,000 on each count. 21 U.S.C. § 841(b)(1)(D). As it was, in the state prosecution, claimant received a term of one year in prison on each of three counts to be served concurrently and a total fine of $6,000. Even if claimant's state sentence is considered in conjunction with the forfeiture of real property worth $83,700, this combined penalty is not disproportionate to the severity of the offenses when viewed in light of the penalty claimant could have received under federal law for those offenses.

The evidence reveals that claimant used the defendant real property as a location in which to consummate the marijuana sales. The sales, which were in increasing amounts, occurred on three separate dates over a period of eleven days, and are suggestive of ongoing criminal activity. This characterization of claimant's activities is further bolstered by the evidence that claimant was convicted of aggravated trafficking four years prior to these sales. This case involves a repeated use of the property for illegal activity as opposed to a single isolated instance. The court concludes that the defendant property has sufficiently close relationship to the offense to support forfeiture under § 881(a)(7). The forfeiture is justifiable from a remedial standpoint, since the real property here was an instrumentality used by claimant to effectuate his drug sales, and forfeiture would serve to deter this claimant and other drug dealers from using their property to sell drugs. Finally, the record does not demonstrate that this forfeiture would be grossly disproportionate or unconstitutionally harsh when balanced against the nature and extent of the drug offenses. *Compare, Certain Real Property, 566 Hendrickson Blvd.*, 986 F.2d at 999 (forfeiture of $65,000 residence not grossly disproportionate to marijuana growing operation involving forty plants); *United States v. Certain Real Property and Premises known as 38 Whalers Cove Drive*, 954 F.2d 29 (2d Cir.1992)

(forfeiture of $68,000 interest in condominium not unconstitutionally disproportionate to sale of $250 worth of cocaine on the premises).

Claimant has submitted no evidence to support a defense under the Excessive Fines Clause, and the record as it currently stands reveals no genuine issue of material fact concerning Eighth Amendment issues which would preclude summary judgment for the government.

In accordance with the foregoing, the plaintiff's summary judgment motion is granted, and the clerk shall enter judgment for the plaintiff.