831 F.Supp. 736 (1993)
UNITED STATES of America, Plaintiff,
v.
ONE PARCEL PROPERTY LOCATED AT 9638 CHICAGO HEIGHTS, ST. LOUIS, MISSOURI, Defendant.
No. 4:92CV1141(JCH).
United States District Court, E.D. Missouri, E.D.
July 19, 1993.
Raymond M. Meyer, Asst. U.S. Atty., Office of U.S. Atty., and Amy H. Diemer, Asst. U.S. Atty., St. Louis County Counselor, St. Louis, MO, for the U.S.
John T. Hawk, Hawk and Mattingly, St. Louis, MO, for One Parcel Property, 9638 Chicago Heights, St. Louis, MO, and Commercial Credit Plan, Inc.
Nick A. Zotos, Fabbri and Zotos, St. Louis, MO, for Carol Long.

MEMORANDUM AND ORDER
HAMILTON, District Judge.
This matter is before the Court on Plaintiff's Motion for Summary Judgment, filed June 7, 1993. Claimant has not responded to the motion.
Plaintiff United States of America brings this action in rem to enforce the provision of 21 U.S.C. § 881(a)(7) for the forfeiture of real property used to commit or to facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., which is punishable by more than one year's imprisonment. Plaintiff moves for summary judgment, asserting that there are no genuine issues of material fact and that Plaintiff is entitled to judgment as a matter of law, pursuant to Rule 56 of the Federal Rules of Civil Procedure.
This Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.
A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2552. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed.R.Civ.P. 56(e); Anderson, 477 U.S. at 247, 106 S.Ct. at 2509. The nonmoving party may not rest upon mere allegations or denials of his pleading. Id. at 256, 106 S.Ct. at 2514.
*737 In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Id. at 255, 106 S.Ct. at 2513. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249, 106 S.Ct. at 2510.
In support of its motion, Plaintiff has filed a certified copy of claimant's conviction and a Declaration of St. Louis County Police Detective Charles Boshcert which demonstrate that forfeiture of Defendant real property is authorized under 21 U.S.C. 881(a)(7). These documents establish that Defendant real property was used by claimant to facilitate the distribution of cocaine and crack cocaine on three separate occasions. The connection between the property forfeited and the drug activity has been admitted by claimant and is sufficient to bring the property within the purview of the statute.
The Court finds that forfeiture of Defendant real property valued at $37,210.00 is not excessive. See United States v. Certain Real Property and Premises, 954 F.2d 29 (2nd Cir.1992) (forfeiture of $145,000 apartment in which claimant had made two sales of cocaine was not excessive.) The relevant inquiry for an excessive forfeiture under 21 U.S.C. § 881 is the relationship of the property to the offense. Austin v. United States, ___ U.S. ___, ___, 113 S.Ct. 2801, 2815, 125 L.Ed.2d 488 (1993) (Scalia, J. concurring). Here, Defendant real property was used as the situs for the storage and sale of cocaine and crack cocaine.
Viewing the facts in the light most favorable to the claimant, no genuine issues of material fact are raised. Therefore, Plaintiff is entitled to judgment as a matter of law.
ACCORDINGLY,
IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED.

JUDGMENT
In accordance with the Memorandum and Order filed this day and incorporated herein,
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion for Summary Judgment is GRANTED and Claimant's claim is DISMISSED.