UNITED STATES of America, Plaintiff,

v.

**REAL PROPERTY LOCATED AT 24124 LEMAY STREET, WEST HILLS, CALIFORNIA, Defendant.**

**Robert W. Walters, Claimant.**

**No. CV 90–5923–RSWL (Sx).**

United States District Court, C.D. California.

June 15, 1994.

---

Lourdes G. Baird, U.S. Atty., Los Angeles, CA, for plaintiff.

Ronn A. Pisapia, Judith W. Acampora, Hal M. Marzell, City of Industry, CA, and Irwindale, CA, for claimant Home Sav. of America.

Peter N. Priamos, Torrance, CA, for claimant Robert W. Walters.

## ORDER

LEW, District Judge.

## I. INTRODUCTION

After the Supreme Court rendered its decision in *Austin v. United States*, —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the Ninth Circuit Court of Appeals remanded this case for a determination of whether forfeiture of the Defendant Property constituted an excessive fine in violation of the Eighth Amendment. The parties submitted arguments regarding the excessiveness issue and the Court took this matter under submission. After carefully considering the arguments submitted and reviewing the various approaches of several courts, this Court finds that forfeiture of the Defendant Property does not violate the Eighth Amendment's prohibition against excessive fines.

## II. BACKGROUND

On October 10, 1990, agents of the California Department of Justice, Bureau of Narcotics Enforcement obtained a search warrant for the Defendant Property—a single family, single story residence on a lot located at 24124 Lemay Street in West Hills, California. The Defendant Property was owned by Claimant, Robert M. Walters. The government obtained the warrant based upon information from a confidential informant who had personal knowledge of illegal narcotics activity occurring on the property. Specifically, the confidential informant told the government that Claimant had sold narcotics on the property during the previous four years.

After obtaining the warrant on October 10, 1990, the agents searched the Defendant Property and found evidence of narcotics activity. In addition to finding 108 three-inch marijuana plants growing in a hydroponic garden located in the garage, the agents discovered a four-foot tall marijuana plant in one of the bathrooms, a "brick" of cocaine and a Tupperware container with $40,000 in U.S. currency both buried in the garden. In addition, the agents seized $14,641 in U.S. currency found throughout the residence.

On May 29, 1991, Claimant pleaded guilty in Los Angeles County Superior Court to one count of possession of cocaine for sale and one count of cultivation of marijuana in violation of California Health and Safety Code sections 11351 and 11358, respectively. Claimant was sentenced to three years imprisonment.

On November 2, 1990, the United States Government filed an *in rem* forfeiture complaint against the property pursuant to 21 U.S.C. § 881(a)(7).[1] The Government alleged that the Defendant Property was subject to forfeiture because it was used to store and distribute cocaine and marijuana in violation of Title 21 of the United States Code.

On November 27, 1990, the Defendant Property was arrested, seized, and placed in the custody of the United States Marshals Service. Claimant filed a verified claim and answer as owner of the property.

Pursuant to the civil forfeiture action, the Government deposed Claimant on July 17, 1991. In the presence of his attorney, Claimant admitted that he had planted and owned the 108 marijuana plants found in the garage. He admitted that he had constructed the hydroponic garden to grow the marijuana and also admitted to owning the marijuana plant found in the bathroom. Claimant denied ownership of the $40,000 found in the Tupperware container and denied ownership of the cocaine. Claimant, however, acknowledged ownership of the $14,641.00 found throughout the property.

On August 23, 1991, the Government moved for summary judgment on its forfeiture action. Claimant opposed the motion and arguments were heard on December 9, 1991 at which time this Court granted the Government's motion for summary judgment and issued a judgment of forfeiture against the Defendant Property. Claimant subsequently appealed the grant of summary judgment to the Ninth Circuit Court of Appeals arguing, *inter alia,* that the forfeiture violated the Eighth Amendment's Excessive Fines clause.[2] Although the Ninth Circuit affirmed the grant of summary judgment, the court invited Claimant to petition for a rehearing if the Supreme Court's decision in *Austin v. United States* validated his Eighth Amendment argument. *See United States v. 24124 Lemay Street,* 996 F.2d 1229 (9th Cir.1993). After the Supreme Court rendered its decision in *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the Ninth Circuit remanded this case for a determination of whether the forfeiture constituted an excessive fine under the Eighth

---

**1.** Section 881(a)(7) provides for forfeiture of:
All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment. . . .

21 U.S.C. § 881(a)(7).

**2.** The Eighth Amendment states:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.
U.S. Const. amend. VIII.

Amendment. *See United States v. 24124 Lemay Street,* 996 F.2d 1229 (9th Cir.1993). Accordingly, this Court ordered the parties to submit supplemental documents focusing solely on the issue of whether the forfeiture constituted an excessive fine under the Eighth Amendment. After a hearing on the matter, this Court took the matter under submission and this Order follows.

## III. DISCUSSION

### A. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The moving party bears the initial responsibility of identifying an absence of a genuine material issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986). On issues where the movant will not have the burden of proof at trial, the moving party may meet its burden simply by showing that there is an "absence of evidence" to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. at 2554. The nonmoving party must then designate specific facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. Rule 56 requires entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552. Where the opposing party bears the burden of proof at trial, its evidence must meet the quantum of proof at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202, 212 (1986).

■ Claimant raises the issue of whether the Eighth Amendment excessiveness determination is a question of law appropriate for the court to decide or a question of fact that should be left to the trier of fact. This Court, however, finds that the determination of whether a civil forfeiture violates the Excessive Fines Clause of the Eighth Amendment is a question of law suitable for determination by the Court. Although other courts have raised similar concerns as Claim-ant, *see United States v. RR # 1, Box 224,* 14 F.3d 864, 876 (3d Cir.1994) (noting that neither *Austin* nor *Alexander v. United States,* —— U.S. ——, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993), addressed question of whether judge or jury should determine excessiveness issue), the majority of cases since the Supreme Court's decision in *Austin* have treated the Eighth Amendment issue as a question of law. *See, e.g., United States v. Borromeo,* 1 F.3d 219, 221 (4th Cir.1993) (remanding case for proportionality determination by the district court pursuant to *Austin*); *United States v. 6625 Zumirez Drive,* 845 F.Supp. 725, 742 (C.D.Cal.1994) (granting summary judgment after finding that forfeiture would violate Excessive Fines Clause); *United States v. 429 South Main Street,* 843 F.Supp. 337, 342 (S.D.Ohio 1993) (granting summary judgment where claimant had not produced evidence to support claim under Excessive Fines Clause); *United States v. 9638 Chicago Heights,* 831 F.Supp. 736, 737 (E.D.Mo.1993) (granting summary judgment after finding that forfeiture was not excessive under Eighth Amendment); *see also Solem v. Helm,* 463 U.S. 277, 290–92, 103 S.Ct. 3001, 3010–11, 77 L.Ed.2d 637 (1983) (leaving Eighth Amendment analysis to the court); *Austin,* —— U.S. at ——, 113 S.Ct. at 2812, 125 L.Ed.2d at 506 (declining to establish multifactor test for determining excessiveness but directing lower courts to "consider that question in the first instance."); *but see United States v. 835 Seventh Street Rensselaer,* 832 F.Supp. 43, 49 (N.D.N.Y.1993) (question of excessiveness entails a complicated and fact-specific analysis).

This Court's conclusion that an Eighth Amendment violation raises a question of law is supported by the similar treatment of other alleged constitutional violations. Alleged search and seizure violations under the Fourth Amendment raise questions of law, *Ker v. California,* 374 U.S. 23, 33, 83 S.Ct. 1623, 1630, 10 L.Ed.2d 726, 738 (1963); *United States v. Greene,* 783 F.2d 1364, 1366 (9th Cir.) *cert. denied,* 476 U.S. 1185, 106 S.Ct. 2923, 91 L.Ed.2d 551 (1986), as well as alleged deprivations of due process under the Fifth Amendment. *United States v. Benny,* 786 F.2d 1410, 1419 (9th Cir.1986). In addi-

tion, alleged violations of the Fifth Amendment's Double Jeopardy Clause are treated as questions of law, *see United States v. Halper,* 490 U.S. 435, 450, 109 S.Ct. 1892, 1903, 104 L.Ed.2d 487, 502 (1989), as well as allegations of ineffective assistance of counsel under the Sixth Amendment. *Williams v. Raines,* 783 F.2d 774, 775–76 (9th Cir.1986). Accordingly, where the underlying material facts are uncontroverted, the Court may determine whether a forfeiture constitutes a violation of the Excessive Fines Clause of the Eighth Amendment as a matter of law.

### B. AUSTIN v. UNITED STATES

In *Austin v. United States,* — U.S. —, — – —, 113 S.Ct. 2801, 2804–05, 125 L.Ed.2d 488, 496–97 (1993), the United States Supreme Court conclusively rejected the traditional view that the Eighth Amendment's Excessive Fines Clause was inapplicable to *in rem* civil forfeitures. Prior to *Austin,* the Ninth Circuit did not apply the Eighth Amendment to *in rem* proceedings because of their civil nature. *See United States v. 300 Cove Road,* 861 F.2d 232, 235 (9th Cir.1988) *cert. denied,* 493 U.S. 954, 110 S.Ct. 364, 107 L.Ed.2d 351 (1989) (proportionality requirement of Eighth Amendment inappropriate in *in rem* civil forfeiture proceeding). In *Austin,* however, the Court concluded that regardless of their technical classification, *in rem* forfeitures are a form of punishment subject to the limitations of the Eighth Amendment. *Austin,* — U.S. at —, 113 S.Ct. at 2802.

### 1. THE FACTS OF *AUSTIN*

On August 2, 1990, Richard Lyle Austin was indicted on four counts of violating South Dakota's drug laws for the sale of cocaine to Keith Engebretson. *Id.,* — U.S. at —, 113 S.Ct. at 2803. According to government affidavits, Austin met Engebretson at Austin's place of business, an auto body shop owned and operated by Austin as sole proprietor, and agreed to sell cocaine to him. *Id.* Austin went to his mobile home, returned to his auto shop with two grams of cocaine, and sold the drugs to Engebretson. *Id.* On the following day, state authorities executed a search warrant on Austin's auto shop and mobile home and discovered small amounts of marijuana, cocaine, a .22 caliber revolver, drug paraphernalia, and approximately $4,700 in cash. *Id.* Austin ultimately pleaded guilty to one count of possession of cocaine with the intent to distribute in violation of South Dakota law and was sentenced to seven years in prison. *Id.*

On September 7, 1990, the United States filed an *in rem* forfeiture action in the United States District Court for the District of South Dakota against Austin's mobile home and auto body shop pursuant to 21 U.S.C. § 881(a)(4) and (a)(7).[3] *Id.,* — U.S. at — – —, 113 S.Ct. at 2801–02. The United States moved for summary judgment and Austin opposed the motion by arguing that the forfeitures violated the Eighth Amendment. *Id.* — U.S. at —, 113 S.Ct. at 2803. The district court, however, rejected Austin's argument and granted the United States' motion for summary judgment. *Id.*

On appeal, the Eighth Circuit Court of Appeals reluctantly agreed with the government's position that the Eighth Amendment was inapplicable and affirmed the lower court's ruling. *United States v. 508 Depot Street,* 964 F.2d 814, 817 (8th Cir.1992); *Austin,* — U.S. at —, 113 S.Ct. at 2803. The Eighth Circuit conceded that the government was "exacting too high a penalty in relation to the offense committed," *508 Depot Street,* 964 F.2d at 817, but held that it was constrained to uphold the forfeiture because of the Supreme Court's previous treatment of

---

**3.** These statutes provide for the forfeiture of:
 (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances, their raw materials, and equipment used in their manufacture and distribution] ...
 (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment. ...
21 U.S.C. § 881(a)(4), (a)(7). Each provision has an "innocent owner" exception. *See id.* § 881(a)(4)(C), (a)(7).

*in rem* forfeitures. *Austin,* —— U.S. at ——, 113 S.Ct. at 2803; *508 Depot Street,* 964 F.2d at 817 (citing *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974)). The Supreme Court granted certiorari to resolve the apparent conflict between the Eighth Circuit's approach in *Austin* and the Second Circuit's holding that the Eighth Amendment applied to *in rem* forfeitures. *See United States v. 38 Whalers Cove Drive,* 954 F.2d 29, 35, 38–39 (2d Cir.) *cert. denied,* —— U.S. ——, 113 S.Ct. 55, 121 L.Ed.2d 24 (1992) (stating that there is no substantial difference between an *in rem* proceeding and *in personam* criminal proceeding); *Austin,* —— U.S. at ——, 113 S.Ct. at 2804.

After considering the history and purpose of civil forfeitures, the Supreme Court reversed the Eighth Circuit's decision and remanded the case for consideration of whether the forfeiture violated the Excessive Fines Clause of the Eighth Amendment. *Austin,* —— U.S. at ——, 113 S.Ct. at 2812. The Court began its historical analysis by stating that the Eighth Amendment "limits the Government's power to extract payments, whether in cash or in kind, 'as *punishment* for some offense.'" *Id.* —— U.S. at ——, 113 S.Ct. at 2805 (citing *Browning–Ferris Indus. v. Kelco Disposal, Inc.,* 492 U.S. 257, 265, 109 S.Ct. 2909, 2915, 106 L.Ed.2d 219 (1989)). The Court then considered the three kinds of English forfeitures that existed when the Eighth Amendment was ratified: (1) deodand, (2) forfeiture upon conviction for a felony or treason, and (3) statutory forfeiture.[4] *Id.* —— U.S. at ——, 113 S.Ct. at 2806. Of England's three kinds of forfeiture, only statutory forfeiture took hold in the United States. *Id.* —— U.S. at ——, 113 S.Ct. at 2807. The Court found that "forfeiture generally and statutory *in rem* forfeiture in particular historically have been understood, at least in part, as punishment." *Id.* —— U.S. at ——, 113 S.Ct. at 2810.

The Court then went on to analyze whether forfeitures under 21 U.S.C. § 881(a)(4) and (a)(7) are properly considered punishment and therefore subject to the limitations of the Eighth Amendment. *Id.* —— U.S. at ——, 113 S.Ct. at 2810–12. The Court rejected the government's argument that the forfeiture scheme was remedial in nature, *see id.* —— U.S. at ——, 113 S.Ct. at 2811–12, and held that forfeiture under 21 U.S.C. § 881(a)(4) and (a)(7) does not serve solely a remedial purpose but constitutes "'payment to a sovereign as punishment for some offense' ... and, as such, is subject to the limitations of the Eighth Amendment's Excessive Fines Clause." *Id.* —— U.S. at ——, 113 S.Ct. at 2812 (quoting *Browning–Ferris,* 492 U.S. at 265, 109 S.Ct. at 2915).

## 2. THE SUPREME COURT'S DIRECTIVE TO FORMULATE AN EIGHTH AMENDMENT TEST

Although the Supreme Court held that *in rem* forfeitures are subject to the limitations imposed by the Eighth Amendment, the Court declined to establish a test for determining whether a forfeiture is constitutionally excessive. The Court stated:

> Austin asks that we establish a multifactor test for determining whether a forfeiture is constitutionally "excessive." ... We decline that invitation.... Prudence dictates that we allow the lower courts to consider that question in the first instance.

*Id.*

Justice Scalia's concurrence, as discussed below, suggests that the sole measure of an *in rem* forfeiture's excessiveness is the relationship between the forfeited property and the offense. *Id.* —— U.S. at ——, 113 S.Ct. at 2814–15 (Scalia, J., concurring). Although the majority did not provide a test of its own, it stated:

> We do not rule out the possibility that the connection between the property and the offense may be relevant, but our decision today in no way limits the Court of Appeals from considering other factors in de-

---

4. Deodand was the forfeiture of property that was directly or indirectly responsible for the death of a King's subject while forfeiture upon conviction for felony or treason resulted in the forfeiture of all property owned by persons convicted of felonies or treason. *Austin,* —— U.S. at ——, 113 S.Ct. at 2806. Statutory forfeiture was forfeiture of offending property used in the violation of the customs and revenue laws. *Id.*

termining whether the forfeiture of Austin's property was excessive.

*Id.* —— U.S. at —— n. 15, 113 S.Ct. at 2812 n. 15. Consequently, the Supreme Court directed the lower courts to determine the factors necessary for an analysis of whether a forfeiture violates the Eighth Amendment.

### 3. JUSTICE SCALIA'S CONCURRENCE

Although Justice Scalia concurred in the judgment of the Court, he wrote separately to explain why forfeitures under 21 U.S.C. § 881(a)(4) and (a)(7) are fines "and to point out that the excessiveness inquiry for statutory *in rem* forfeitures is different from the usual excessiveness inquiry." *Id.,* —— U.S. at ——, 113 S.Ct. at 2813 (Scalia, J., concurring). Justice Scalia stated that on remand, the excessiveness analysis must be different from that applicable to monetary fines and perhaps *in personam* forfeitures. *Id.,* —— U.S. at ——, 113 S.Ct. at 2814. According to Justice Scalia, the offense of which Austin was convicted is not relevant to the forfeiture. *Id.,* —— U.S. at ——, 113 S.Ct. at 2815. He stated:

> Unlike monetary fines, statutory *in rem* forfeitures have traditionally been fixed, not by determining the appropriate value of the penalty in relation to the committed offense, but by determining what property has been "tainted" by unlawful use, to which issue the value of the property is irrelevant.

*Id.* Justice Scalia found that the relevant inquiry is not how much the confiscated property is worth, but whether the confiscated property has a close enough relationship to the offense. *Id.* He concluded by stating: "The relevant inquiry for an excessive forfeiture under § 881 is the relationship of the property to the offense: Was it close enough to render the property, under traditional standards, 'guilty' and hence forfeitable?" *Id.* Thus, Justice Scalia's single-factor inquiry to determine whether a forfeiture violates the Excessive Fines Clause of the Eighth Amendment provided a starting point for the lower courts to formulate an appropriate test.

## C. LOWER COURT FORMULATIONS AFTER *AUSTIN*

Since the Supreme Court rendered its decision in *Austin,* several courts have dealt with the excessiveness issue regarding civil forfeitures. Although the majority in *Austin* did not limit the number of factors the lower courts should consider, *see id.* —— U.S. at —— n. 15, 113 S.Ct. at 2812 n. 15, at least two courts have applied Justice Scalia's single-factor approach to determine whether a forfeiture is unconstitutionally excessive. *See United States v. 427 & 429 Hall Street,* 842 F.Supp. 1421 (M.D.Ala.1994); *9638 Chicago Heights,* 831 F.Supp. at 737. Other courts, however, have taken the initiative to develop several factors to determine whether a civil forfeiture violates the Eighth Amendment. *See, e.g., RR # 1, Box 224,* 14 F.3d at 875 (providing factors to guide district court); *6625 Zumirez Drive,* 845 F.Supp. at 732 (developing three-prong test to analyze excessiveness question); *429 South Main Street,* 843 F.Supp. at 341 (applying proportionality test to question of excessiveness).

### 1. COURTS ADOPTING JUSTICE SCALIA'S APPROACH

Two courts have adopted Justice Scalia's approach in analyzing whether a forfeiture violates the Eighth Amendment's prohibition against excessiveness. In *United States v. 427 & 429 Hall Street,* 842 F.Supp. 1421, 1423 (M.D.Ala.1994), the government instituted an *in rem* forfeiture proceeding against the claimant's grocery store pursuant to 21 U.S.C. § 881(a)(7). The government contended that the property was used by claimant to sell cocaine and marijuana. *Id.* at 1424. The District Court for the Middle District of Alabama conducted a bench trial and claimant argued that forfeiture was inappropriate because, *inter alia,* it would violate the Eighth Amendment's Excessive Fines Clause. *Id.* at 1423. Claimant contended that forfeiture of property valued at $60–65,000 would constitute an excessive punishment in violation of the Eighth Amendment. *Id.* at 1429. The district court, however, disagreed with claimant's contention and held that the forfeiture did not violate the Eighth Amendment. *Id.* at 1430. The court recognized Justice Scalia's "instrumentality" test

which analyzes the nexus between the property seized and the crime committed and found the test applicable to claimant's arguments. *Id.* at 1429. The court stated:

> The court finds Justice Scalia's test to be well reasoned and will apply it to the case at bar. The court believes that the Eleventh Circuit will either adopt it or a standard that is not inconsistent with it.

*Id.* at 1429–30 (citing *United States v. 3097 S.W. 111th Avenue*, 921 F.2d 1551, 1557 (11th Cir.1991) (footnote omitted)). The court in *427 & 429 Hall Street* found that the relationship of the store to the offense of selling cocaine was close enough to render the grocery store "guilty" and therefore forfeitable. *Id.* at 1430. The court rejected a proportionality analysis and did not consider any additional factors in rejecting the claimant's Eighth Amendment argument. *Id.* at 1429; *but see id.* at 1430, n. 19 (stating that if proportionality test were deemed appropriate, forfeiture still not excessive). Accordingly, the court allowed the forfeiture of claimant's grocery store. *Id.* at 1430.

In *United States v. 9638 Chicago Heights*, 831 F.Supp. 736, 737 (E.D.Mo.1933), the court similarly found Justice Scalia's test to be appropriate in analyzing whether an *in rem* forfeiture constituted an excessive fine. The court found that the forfeiture of property valued at $37,210 and used to store and sell crack cocaine did not violate the Eighth Amendment because the "relevant inquiry for an excessive forfeiture under 21 U.S.C. § 881 is the relationship of the property to the offense." *Id.* (citing *Austin*, —— U.S. at ——, 113 S.Ct. at 2815 (Scalia, J. concurring)). The court found the relationship between the offense and the property sufficient to overcome claimant's Eighth Amendment arguments and accordingly granted summary judgment in favor of the government. *Id.*

## 2. MULTIFACTOR TEST FOR DETERMINING EXCESSIVENESS UNDER THE EIGHTH AMENDMENT

While the courts in *427 & 429 Hall Street* and *9638 Chicago Heights* looked only to the relationship between the defendant property and the offense, at least three other courts have discussed the use of additional factors to determine whether a civil forfeiture violates the Eighth Amendment. *See, e.g. RR # 1, Box 224*, 14 F.3d at 875 (providing factors to guide district court); *429 South Main Street*, 843 F.Supp. at 341 (applying proportionality test to question of excessiveness); *United States v. 11869 Westshore Drive*, 848 F.Supp. 107, 110–11 (E.D.Mich.1994) (applying Justice Scalia's analysis and proportionality test). The most thorough discussion, however, is contained in *United States v. 6625 Zumirez Drive*, 845 F.Supp. 725, 732 (C.D.Cal.1994).

In *6625 Zumirez Drive*, the court addressed the issue of whether the forfeiture of a twelve room, single family residence pursuant to 21 U.S.C. § 881(a)(7) was excessive under the Eighth Amendment. *Id.* at 730.[5] In the court's view, three factors should be weighed in making such a determination, with no one factor being dispositive:

(1) the inherent gravity of the offense compared with the harshness of the penalty;

(2) whether the property was an integral part of the commission of the crime; and

(3) whether the criminal activity involving the defendant property was extensive in terms of time and/or spatial use.

*Id.* at 732. As discussed below, this three-factor test includes many of the factors considered relevant by the Third Circuit in *RR # 1, Box 224*, 14 F.3d at 873–76, and the Supreme Court's Eighth Amendment analysis in other contexts.

### a. The inherent gravity of the offense compared with the harshness of the penalty

According to the court in *6625 Zumirez Drive*, the first factor in determining excessiveness under the Eighth Amendment is to compare the inherent gravity of the offense committed with the harshness of the penalty imposed. *6625 Zumirez Drive*, 845 F.Supp.

---

**5.** The government also pursued a forfeiture action under section 963(a) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 18 U.S.C. § 981(a)(1)(c). *See 6625 Zumirez Drive*, 845 F.Supp. at 730.

at 732. This "proportionality" inquiry emanates from the Supreme Court's analysis in *Solem v. Helm*, 463 U.S. 277, 290–95, 103 S.Ct. 3001, 3009–12, 77 L.Ed.2d 637, 648 (1983), where the Court held that the Cruel and Unusual Punishment Clause of the Eighth Amendment implicitly required criminal punishments to be at least loosely proportionate to the crime of conviction. *Id.* at 290, 103 S.Ct. at 3009; *see also RR # 1, Box 224,* 14 F.3d at 875. The Supreme Court identified three objective criteria for use in a proportionality analysis under the Eighth Amendment: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem,* 463 U.S. at 292, 103 S.Ct. at 3011. The Supreme Court stated that in weighing these factors a court should take into account the culpability of the offender and the magnitude of the crime. *Id.* at 292–94, 103 S.Ct. at 3011–12; *see also United States v. Sarbello,* 985 F.2d 716, 722–23 (3d Cir.1993) (applying proportionality inquiry to determine whether criminal RICO forfeiture violates Excessive Fines Clause).[6] From this test in *Solem,* the court in *6625 Zumirez Drive* formulated the first prong of its Eighth Amendment test to focus on the culpability of the claimant and suggests that the courts should judge the gravity of an offense. *See 6625 Zumirez Drive,* 845 F.Supp. at 733 & n. 4. However, because in the civil forfeiture context the claimant in many instances has not been convicted of any offense for which a penalty has been imposed, judging the gravity of an offense is more problematic than in criminal forfeiture situations. In the latter situation, it is widely accepted that violent crimes are more serious than nonviolent offenses, completed crimes are more serious than attempted crimes, and intentional conduct is more culpable than negligent acts. *Id.* at 733 (citing *Solem,* 463

U.S. at 292–93, 103 S.Ct. at 3010–11). To that end, claimants in the civil forfeiture context may fall in one of the following circumstances: (1) the claimant has been convicted of the criminal act or acts underlying the forfeiture; (2) the claimant has never been charged with any crime; and (3) the claimant has been charged and acquitted of the acts underlying the forfeiture. *See 6625 Zumirez Drive,* 845 F.Supp. at 733.

According to the court in *6625 Zumirez Drive,* the first situation, where the claimant has been convicted of a crime, allows the court to easily evaluate the claimant's culpability. *Id.* In the second situation, however, assessing the claimant's culpability is more difficult. Where the claimant has not been charged with any offense the court may not assume that the claimant either committed or did not commit a crime. *See id.* Nevertheless, the court must view a claimant who has not been charged with a crime as necessarily less grave than one who has been charged and convicted. *Id.* Finally, a claimant who has been charged and acquitted of the underlying offense is the least culpable because the court may not treat the claimant as if he or she committed the offense. *See id.* Accordingly, the first step in the analysis under *6625 Zumirez Drive* is to determine which category the claimant's conduct falls. *Id.*

Additionally under the first factor, the court must also evaluate the harshness of the penalty imposed. *See id.* at 732. This is done by considering both the monetary value of the property and the intangible value of the type of property involved. *Id.* at 734. Therefore, the court should consider the higher value society places upon certain real property, such as a home, as opposed to personal property. *Id.*

**b. Whether the property was an integral part of the commission of the crime**

The second factor enunciated in *6625 Zumirez Drive* involves examining whether the

---

**6.** Although the Supreme Court's decision in *Solem* seems to have been severely limited by the Court's subsequent decision in *Harmelin v. Michigan,* 501 U.S. 957, ——, 111 S.Ct. 2680, 2686, 115 L.Ed.2d 836, 846 (1991) (casting doubt on strict proportionality guarantee under Cruel and Unusual Punishment Clause), the first prong of the *Solem* analysis is still a viable factor for an excessiveness determination under the Eighth Amendment. *See RR # 1, Box 224,* 14 F.3d at

874, n. 10 (recognizing limitation of *Solem* by *Harmelin*). The Supreme Court's decision in *Harmelin* interpreted the Cruel and Unusual Punishment Clause while the present case involves an interpretation of the Excessive Fines Clause of the Eighth Amendment. *Id.* As the Third Circuit stated in *RR # 1, Box 224,* "a proportionality analysis under *Solem* may still have continuing validity on whether a fine is excessive under the Eighth Amendment." *Id.*

property was an integral part of the commission of the crime. It evolves from Justice Scalia's approach and the traditional notion that *in rem* forfeitures are based on the legal fiction that "'the thing is primarily considered the offender.'" *Id.* at 734 (quoting *J.W. Goldsmith, Jr.–Grant Co. v. United States*, 254 U.S. 505, 511, 41 S.Ct. 189, 191, 65 L.Ed. 376 (1921)); *Austin*, —— U.S. at ——, 113 S.Ct. at 2808. Under this prong, the court must ask whether the relationship of the property to the offense is "close enough to render the property, under traditional standards, 'guilty' and hence forfeitable?" *Austin*, —— U.S. at ——, 113 S.Ct. at 2815, (Scalia, J., concurring).

c. **Whether the criminal activity involving the defendant property was extensive in terms of time and/or spatial use**

Under the final factor set forth in *6625 Zumirez Drive*, the court should look not only at whether the defendant property was an integral part of the criminal activity, but whether the property played an extensive or pervasive role in the commission of the crime. *6625 Zumirez Drive*, 845 F.Supp. at 734. The court in *6625 Zumirez Drive* developed this factor from *Alexander v. United States*, —— U.S. ——, ——, 113 S.Ct. 2766, 2768, 125 L.Ed.2d 441, 456 (1993), in which the Supreme Court examined the extent of the activity and amount of time in determining whether a criminal forfeiture was excessive under the Eighth Amendment. *See 6625 Zumirez Drive*, 845 F.Supp. at 735. Accordingly, the court in *6625 Zumirez Drive* found this factor relevant in the civil context as well. *See id.*

3. **APPLICATION OF THE *6625 ZUMIREZ DRIVE* TEST TO CLAIMANT'S EIGHTH AMENDMENT ARGUMENT**

■ After careful consideration of Justice Scalia's single-factor inquiry, the factors sug-

gested by other courts, and the test developed in *6625 Zumirez Drive*, this Court finds that the three-factor inquiry in *6625 Zumirez Drive* is the most appropriate test for determining whether the forfeiture in the present case violates the Eighth Amendment. This test applies the relevant factors necessary for making an excessiveness determination under the Eighth Amendment and, as the court stated in *6625 Zumirez Drive*, "the multifactor test enunciated here will give renewed significance to the Eighth Amendment's Excessive Fines Clause and will have the added benefit of checking the government's potential for abusive use of the civil forfeiture statutes." *Id.* Accordingly, this court will apply the test as enumerated in *6625 Zumirez Drive* to the present case.[7]

a. **The inherent gravity of the offense compared with the harshness of the penalty**

■ In this case Claimant was convicted of one count of possession of cocaine for sale and one count of cultivation of marijuana based, in significant part, on the evidence gathered during the search of the Defendant Property. Each of these drug-related offenses are felonies under California law, *see* Cal. Health & Safety Code §§ 11351, 11358, and Claimant was sentenced to three years imprisonment. As a result, Claimant's conduct fits into the first and most grave category where a claimant has been charged and convicted of the underlying criminal offense. In addition, the Supreme Court has recognized "the serious threat to individuals and society posed by drug offenses." *38 Whalers Cove Drive*, 954 F.2d at 38. Thus, the inherent gravity of Claimant's felony drug offenses is severe.

In addition to examining the gravity of the offense, this Court must also consider the harshness of the penalty imposed. In the

---

7. Two other courts have also recognized the test developed in *6625 Zumirez Drive*. *See United States v. Rural Route 1*, No. 90 C 4722, 1994 WL 194172, at *2 (N.D.Ill. May 16, 1994) (finding that the factors in *Zumirez* "should be weighed in determining whether a forfeiture violates the Ex-

cessive Fines Clause."); *United States v. 3636 Roselawn Avenue*, No. CV 92–2034 at 4 (C.D.Cal. Apr. 14, 1994) (finding that "application of the factors established in *6625 Zumirez* well serves the requirement for Eighth Amendment scrutiny established in *Austin*.").

present case the government seeks forfeiture of Claimant's home which has an estimated value of $195,000.[8] This Court is mindful of the intangible value of a person's home but nevertheless must evaluate the harshness of the penalty in comparison with the inherent gravity of the offense. Claimant in this instance was convicted of two serious felony drug offenses for activity occurring on his property. Unlike *6625 Zumirez Drive* where the claimant was not convicted of the underlying offense, *see 6625 Zumirez Drive*, 845 F.Supp. at 730, Claimant in the present case pleaded guilty to the underlying felony offenses. Thus, the harshness of the penalty imposed in this instance is not disproportionate to the inherent gravity of the underlying crimes. Claimant's direct involvement in the criminal activity occurring on his property weighs in favor of finding that the forfeiture is not excessive.

### b. Whether the defendant property was an integral part of the commission of the crime

■ This Court must next consider whether the relationship between the Defendant Property and the offenses of cocaine possession and marijuana cultivation is sufficient to render the property "guilty." *See id.* at 734. As the court in *6625 Zumirez Drive* stated:

[T]he issue is whether the house and the criminal activity are sufficiently interrelated to find the property tainted by unlawful use and hence forfeitable.

*Id.* at 737.

In the present case, the Defendant Property was an integral part of the criminal drug offenses. Claimant used the property to cultivate and store 108 marijuana plants in a hydroponic garden located in the garage. In addition, the Defendant Property was used to store (1) a four-foot marijuana plant in the bathroom; (2) a "brick" of cocaine buried in the garden; (3) a Tupperware container with $40,000 in the garden; and (4) $14,641 found throughout the residence. The Defendant Property was used to store, conceal, and cultivate illegal narcotics. It was not merely the incidental location for the criminal activi-

ty but was an integral part of the offenses for which Claimant was convicted. Consequently, the relationship between the offenses and the Defendant Property weighs in favor of finding that forfeiture of the property is not excessive.

### c. Whether the criminal activity involving the defendant property was extensive in terms of time and/or spatial use

■ The third and final factor under *6625 Zumirez Drive* is to consider the time period over which the property was used and the spatial use of the property. *Id.* at 734. In the present case the government presented limited evidence to establish the time frame of the illegal activity. The government relies substantially on the statements of the confidential informant indicating that the illegal activity took place for approximately four years. The informant's statements, however, are hearsay and provide unreliable evidence to establish the time period during which the illegal activity took place. *See id.* at 738. The evidence of spatial use, however, is much more compelling. The evidence underlying Claimant's conviction indicates that a large portion of the Defendant Property was used to store narcotics and narcotics proceeds. The government discovered over one hundred marijuana plants in the garage, cocaine and $40,000 in the garden, marijuana in the bathroom, and $14,641 throughout the residence. The location of these items presents strong evidence of a spatially extensive use of the property for illegal activities and weighs in favor of finding that the forfeiture is not excessive under the Eighth Amendment.

### IV. CONCLUSION

■ Taking all three factors enumerated in *6625 Zumirez Drive* into consideration, this Court finds that the government's forfeiture of the Defendant Property is not excessive under the Eighth Amendment. The inherent gravity of the Claimant's drug offenses compared to the harshness of the penalty weighs in favor of forfeiture. The

---

**8.** Plaintiff submitted an appraisal dated February 24, 1992 estimating the Defendant Property's value at approximately $195,000.

integral relationship between the Defendant Property and the offense, and the extensive spatial use of the property for illegal activity also supports a finding, as a matter of law, that forfeiture of the Defendant Property does not violate the Eighth Amendment's prohibition against excessive fines. Accordingly, summary judgment in favor of the Plaintiff is appropriate and the Court's prior ruling stands.

**IT IS SO ORDERED.**